

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6619 | DATE | 2/13/2003 |
| CASE TITLE | Washington Group Internat'l Inc. Vs. Mason Manufacturing, Inc. et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ .
(3) ☐ Answer brief to motion due ___ . Reply to answer brief due ___ .
(4) ☐ Ruling/Hearing on ___ set for ___ at ___ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___ .
(7) ☐ Trial[set for/re-set for] on ___ at ___ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Mason's motion to dismiss co-defendant Hartford's cross-claim for indemnity is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WASHINGTON GROUP INTERNATIONAL, )
INC., an Ohio corporation, )
)
Plaintiff, )
)
vs. ) No. 02 C 6619
)
MASON MANUFACTURING, INC., an )
Illinois corporation, and THE HARTFORD )
STEAM BOILER INSPECTION AND )
INSURANCE CO., a Connecticut corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Washington Group International, Inc. filed suit against defendants Mason Manufacturing, Inc. (Mason) and the Hartford Steam Boiler Inspection and Insurance Co. (Hartford) for breach of contract, breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular use and negligent misrepresentation arising from the construction and inspection of five hot oil service pressure vessels. Defendant Hartford filed a cross-claim against co-defendant Mason for indemnity, based on its inspection contract. Mason filed a motion to dismiss that cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Mason's motion to dismiss is denied.

### BACKGROUND

Plaintiff contracted with defendant Mason to construct five vessels for use by Takasago International Corp. (Takasago). These vessels are an integral part of Takasago's fragrance



manufacturing process. The vessels were designed and manufactured between February 1998 and September 1998, and delivered to Takasago's University Park facility in September 1998. In Spring 2000, Takasago attempted to use one of the vessels and allegedly discovered serious design and manufacturing defects.

Defendant Hartford is the successor in interest to a contract signed by Mason and Lumbermens Mutual Casualty Company (Lumbermens). This contract provides that Hartford will perform certain inspection services, including inspection of the vessels at issue in this case. Paragraph 10 of the service contract provides:

> Maker agrees to hold-harmless and indemnify Lumbermens, its directors, officers, agents and employees, of and from any and all loss, liability, damage cost and expense, including attorneys' fees (and including cost, expense and attorneys' fees in enforcing this contract) by reason of any claim, action or alleged cause of action for any loss, damage or injury (including death) to any person or property directly or indirectly arising out of, or related to the inspection services provided by Lumbermens under this contract whether or not the same are false and fraudulent; provided, however, that such indemnification shall not be applicable to the extent that Lumbermens is indemnified by the United States of America or any authorized agent thereof, or, as to any nuclear incident or nuclear energy hazard, is protected by insurance.

Hartford's cross-claim alleges that this contractual provision requires that Mason indemnify Hartford in the event that the plaintiff is successful in collecting damages from Hartford.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the non-movant's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Mason moves to dismiss the cross-claim, arguing that the contractual provision is unenforceable because the provision is not a clear and explicit promise to indemnify against its own negligence, that the construction of the contract that Hartford seeks is unfair and unreasonable, and public policy dictates that we should not enforce the contractual provision. Because we find that it may be possible for Hartford to prove facts that would entitle it to enforce the indemnity provision, we deny the motion to dismiss.

Under Illinois law parties may execute an indemnity agreement that encompasses the indemnitee's own negligence, as long as the agreement's language is clear and unequivocal. Native American Arts, Inc. v. Adobe Moon Arts, Inc., 2001 WL 55544, *3 (N.D. Ill. 2001); *see also* Allen v. International Harvester Co., 212 Ill.App.3d 655, 658-59, 571 N.E.2d 773, 776, 156 Ill.Dec. 793, 796 (Ill. App. 1st Dist. 1991). This does not mean that a contract must contain an express provision providing for coverage of the indemnitee's own negligence, only that an indemnity provision, if ambiguous, will not be interpreted in this way. Freislinger v. Emro Propane Co., 99 F.3d 1412, 1420 (7th Cir. 1996). To determine whether the contract at issue covers the indemnitee's own negligence, we must look at the particular language and the facts surrounding the execution of the contract. Native American Arts, 2001 WL 55544 at *3, *citing* Zadak v. Cannon, 59 Ill.2d 118, 121, 319 N.E.2d 469, 471-72 (Ill. 1974). The Illinois Supreme Court has stated that it serves "no useful purpose to attempt to analyze or reconcile the numerous cases interpreting indemnity clauses." Zadak, 319 N.E.2d at 472.

The current contract states that Mason will indemnify Hartford for "any and all loss" arising from the inspections. In looking at the case law cited by the parties, most cases dealing with similar "any and all" language have determined that this is sufficient to provide coverage for the indemnitee's own negligence. *See* Freislinger, 99 F.3d at 1420; Economy Mechanical Industries, Inc. v. T.J. Higgins Co., 294 Ill.App.3d 150, 155-56, 689 N.E.2d 199, 202-03, 228 Ill.Dec. 327, 330-31 (Ill. App. 1st Dist. 1997); Ahlvers v. Terminal R.R. Ass'n of St. Louis, 31 Ill.App.3d 166, 171, 334 N.E.2d 329, 333 (Ill. App. 5th Dist. 1975). Mason does direct our attention to one case that held that such language was insufficient. *See* Karsner v. Lechters Illinois, Inc., 331 Ill.App.3d 474, 476-77, 771 N.E.2d 606, 608, 264 Ill.Dec. 902, 904 (Ill. App. 3rd Dist. 2002). Based on the circumstances surrounding this contract, we believe, for the purposes of a motion to dismiss, that the former interpretation is correct. In agreeing to perform inspections, Hartford sought to protect itself from potentially large liability due to Mason's sales of the vessels to a third party.

This result is neither unfair nor unreasonable. Mason had the right to bargain with Lumbermens when signing the contract and later with Hartford to find the best deal available for the performance of the inspections. We must assume that Mason's representatives read and understood the contract and that it was willing to bear the costs as allocated by the contract terms. It cannot now determine that it is unhappy with the bargain and ask us not to enforce the contract.

Finally, it is not our place to determine whether a contract of this nature is in violation of public policy. Illinois has adopted statutes in other areas that prevent indemnitees from contracting to cover their own negligence. *See, e.g.*, Construction Contract Indemnification

for Negligence Act, 740 ILCS § 35/1; Managed Care Reform and Patient Rights Act, 215 ILCS § 134/95. While inspections of these vessels are required by the Boiler and Pressure Vessel Safety Act, 430 § ILCS 75/1 *et seq.*, there is no analogous section in that act which serves to prevent coverage for the indemnitee's own negligence. It is not our place to expand this statute and determine that a contract of this nature violates public policy.

## CONCLUSION

For the foregoing reasons, defendant Mason's motion to dismiss co-defendant Hartford's cross-claim for indemnity is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 13, 2003.